IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANA FINNEGAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | CASE NO. 3:21-CV-604 |
| ) | |
| DILLON TRANSPORTATION, LLC ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER APPROVING SETTLEMENT AND PARTIALLY DISMISSING PLAINTIFF'S CLAIMS

This is an action alleging back wages owed pursuant to the Fair Labor Standards Act (FLSA). Plaintiff filed his Complaint on behalf of himself alleging that he was misclassified as exempt and, therefore, owed overtime pay. *See* ECF No. 1. Defendants deny his allegations and contend that he was properly classified as exempt pursuant to the FLSA. *See* ECF No. 22. Following negotiations and the sharing of information, the parties have reached a settlement as to Plaintiff's claims for back wages. Currently pending before the Court is an Unopposed Motion to Dismiss Individual Defendants (ECF No. 32) and a Joint Motion for Approval and Partial Dismissal. *See* ECF No.33. Upon review of the Joint Motion for Approval and Partial Dismissal as well as the proposed Settlement Agreement attached thereto, the Court finds that Plaintiff's Unopposed Motion to Dismiss Individual Defendants and the Joint Motion should be GRANTED for the reasons set forth below.

## I. APPLICABLE LAW

"The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202). The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). The first exception is settlement agreements that are supervised by the Department of Labor, and the second exception encompasses instances in which federal district courts approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA. *See Lynn's Food Stores v. U.S.,* 679 F.2d 1350, 1354 (11th Cir.1982). As held in *Lynn's Food Stores v. United States,*

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Id.* at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Finally, a court proceeding over a FLSA suit "shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

**II. ANALYSIS**

The Court has considered counsel's representations on this issue, the parties' filings, and the evidence in the record. Most importantly, the Court has reviewed the Settlement Agreement. The parties have agreed to hold off on negotiating attorneys fees and costs at this time until the proposed settlement of Plaitniff's claims has been approved. If no agreement is reached, then Plaintiff's counsel will submit a fee petition for the Court's review to which Defendant's counsel may respond. Based upon this evidence, the Court finds as follows:

1. The parties have actively litigated this dispute, and in the course of this litigation, the parties have participated in discovery and negotiations have taken place;
2. The individual Defendants, Donnie Dillon and Angela Dillon, should be dismissed in their individual capacity;
3. The Plaintiffs' claims for back wages are accounted for in the proposed settlement now before the Court based upon the computation of back wages;
4. As part of the proposed settlement, no attorney's fees will be taken out of the Plaintiff's award because they have not yet been negotiated among counsel, who have agreed to negotiate in good faith upon approval of the proposed settlement of Plaintiff's claim, see ECF No. 33.

Based upon these findings of fact, the Court finds that a bona fide dispute existed as whether Plaintiff was an exempt employee under the FLSA. This case and the negotiations that resulted in a settlement were held at arms' length with all parties being represented by

experienced counsel. In addition, as noted above, the Plaintiffs' attorneys fees have not been negotiated so they have not been a factor in the negotiation of back wages by Plaintiff and Defendant. Accordingly, based upon the evidence before it, the Court finds that the parties' settlement is a fair and reasonable compromise of a bona fide dispute, which takes into account each party's interests, benefits, and rights pursuant to the framework set out in *Lynn's Foods,* 679 F.2d at 1354–55.

### III. CONCLUSION

Thus, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's claims against Donald Dillon and Angela Dillon, individually, are hereby **DISMISSED WITHOUT PREJUDICE**;

2. The mutual settlement agreement among the parties is hereby **APPROVED** as being a fair, just, adequate, and reasonable compromise of a bona fide dispute, including all disputed issues of law and fact in this action;

2. The parties' Joint Motion for Approval of Settlement and Partial Dismissal [Doc. 33] is hereby **GRANTED;** and

3. It is hereby **ORDERED** that Plaintiff's claims against Dillon Transportation, LLC are **PARTIALLY DISMISSED WITH PREJUDICE,** subject to the terms of the Settlement Agreement; and

4. The Court will retain jurisdiction for purposes of approving a motion seeking an award of a reasonable attorneys fee and costs to Plaintiff's counsel, if necessary.

5. Within thirty (30) days of this Order, the parties will submit a stipulation of dismissal or counsel for Plaintiff will submit the fee petition described above. Defendant Dillon Transportation, LLC shall respond within seven (7) days of the petition's filing, if any.

**IT IS SO ORDERED.**

_____
HON. WILLIAM L. CAMPBELL, JR.